United States District Court
Southern District of Texas
**ENTERED**
May 01, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| Alejandrina Carmona,<br>*Plaintiff,*<br><br>v.<br><br>Walmart, Inc., Wal-Mart Stores<br>Texas, LLC, Brendon Ramos,<br>Virgilio Alvarez, and Oscar Ortiz<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action M-24-41 |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 3. Pending before the court is Plaintiff Alejandrina Carmona's Motion to Remand, ECF No. 7. The court recommends that the motion to remand be **GRANTED**.

### *1. Background*

Plaintiff Alejandrina Carmona alleges that she was injured when she slipped and fell in a Walmart store in Hidalgo County, Texas. Pl.'s 2d Am. Pet., ECF No. 1-2 at 4. Carmona alleges that, after she fell over a metal object sticking out of a product display, "D[efendants] prohibited her from leaving the store and get[ting] medical attention until she signed a release of liability on an [iPad]." *Id.* Carmona alleges that Defendants Brandon Ramos, Virgilio Alvarez, and Oscar Ortiz refused Carmona's request to call an ambulance and instead "intimidated" Carmona and said she was not "allow[ed] . . . to leave the store until she signed a waiver and/or a release of liability from the store." *Id.* at 5. Ramos, Alvarez, and Ortiz allegedly "restricted [Carmona] by detaining her on the ground floor," forcing Carmona to call the police for help and medical attention. *Id.* at 8.

Against Ramos, Alvarez, and Ortiz, Carmona asserts causes of action for: (1) intentional infliction of emotional distress; (2) false imprisonment; (3) threat of bodily injury/gross negligence; (4) civil conspiracy; and (5) common law fraud and/or fraud in the inducement. ECF No. 1-2 at 7–9. Against Walmart, Carmona asserts causes of action for negligence and premises liability. *Id.* at 9–12.

Defendants removed the lawsuit on diversity grounds. ECF No. 1 at 4 (Notice of Removal). Defendants argue that the citizenship of the non-diverse defendants—Ramos, Alvarez, and Ortiz—should be disregarded because they were improperly joined. ECF No. 1 at 4 (Notice of Removal). Defendants assert that Ramos, Alvarez, and Ortiz, who were Walmart employees, had "no direct involvement in the incident in question other than responding to the incident in question, preparing incident reports, and preserving evidence following the incident. Plaintiff has no possibility of establishing a viable premises liability claim, negligence claim, or any claim outside the scope and course of their employment" against the individual defendants. *Id.*

Carmona has moved to remand and argues that diversity of citizenship is absent because she has asserted viable claims against the non-diverse individual defendants. ECF No. 7 at 1–2. Carmona argues that the individual defendants directly participated in the tortious conduct and thus can be held individually liable. *Id.* at 7–8.

## 2. Legal Analysis

### A. Removal Jurisdiction

A defendant may remove a civil action from state court if the federal courts would have had original jurisdiction had the action been filed in federal court. 28 U.S.C. § 1441(a); *In re Deepwater Horizon*, 745 F.3d 157, 162 (5th Cir. 2014). The defendant "has the

burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). "[O]perative facts and pleadings are evaluated at the time of removal." *In re Deepwater Horizon*, 745 F.3d at 163.

Federal district courts have original jurisdiction over civil actions between citizens of different States, in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Complete diversity "means that 'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 281 (5th Cir. 2020) (alteration in original) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). "[D]iversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Ashford v. Aeroframe Servs., L.L.C.*, 907 F.3d 385, 386–87 (5th Cir. 2018) (emphasis omitted) (quoting *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996)).

### B. Improper Joinder

A case may not be removed based on diversity of citizenship "if any of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). The citizenship of a defendant improperly joined to defeat the court's diversity jurisdiction is disregarded; that defendant is dismissed from the case; and the court exercises jurisdiction over the remaining defendant. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (citing *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185-186 (1907); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004) (en banc)). The removing party bears the "heavy burden" of proving improper joinder. *Smallwood*, 385 F.3d at 576. Improper joinder may be shown by: "(1) actual fraud in the

3

pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573. Here, the second type of improper joinder is at issue.

The inquiry for the court is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. In making that inquiry, the court normally engages in a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.*

To survive a 12(b)(6) challenge, the plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Courts accept "all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

### C. *The Individual Defendants were not Improperly Joined*

Against the non-diverse defendants, Carmona asserts causes of action for intentional infliction of emotional distress, false imprisonment, threat of bodily injury/gross negligence, civil conspiracy, and common law fraud and/or fraud in the inducement. ECF No. 1-2 at 7–9. "The essential elements of false imprisonment are: (1) willful detention; (2) without consent; and (3) without authority of law." *Prim v. Stein*, 6 F.4th 584, 592 (5th Cir. 2021) (quoting *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002)).

Carmona alleges that Ramos, Alvarez, and Ortiz "willfully detained [her] by not allowing her to leave the premises;" that she did not consent to the detention; and that she was forced to call the police for help and medical attention. ECF No. 1-2 at 8. Such allegations, taken as true, state a claim for false imprisonment. Having raised at least one state law claim against the non-diverse defendants, Carmona has shown that there is no improper joinder and thus diversity of citizenship is absent. The court need not consider whether Carmona has adequately stated other state law claims against the non-diverse defendants.

Defendants do not challenge whether Carmona alleged sufficient facts to support her various causes of action against the non-diverse defendants. Defendants argue only that Ramos, Alvarez, and Ortiz cannot be held individually liable because they did not owe any duties to Carmona separate and apart from Walmart's duties to Carmona as a customer and invitee. ECF No. 8 at 5–6.

Individual liability against an employee arises when the employee owes an independent duty of reasonable care to the injured party apart from the employer's duty. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). To hold a store employee

individually liable, the plaintiff must allege facts showing that the employee "was directly involved in the conduct that caused the plaintiff's injuries." *Paz v. Breeden*, No. 1:23-CV-00485-DII, 2023 WL 5983858, at *3 (W.D. Tex. Sept. 14, 2023), *R. & R. adopted*, 2023 WL 6848055 (Oct. 17, 2023). A store employee cannot be held individually liable absent a showing that he breached a duty owed separate from the duty the store owed to the plaintiff. *Tri v. J.T.T. See Tri v. J.T.T.*, 162 S.W.3d 552 (Tex. 2005). "After *Tri*, there is no reasonable possibility that a plaintiff can bring a claim under Texas law against a store manager for duties performed within the scope of the employee's duties." *Solis v. Wal-Mart Stores E., L.P.*, 617 F. Supp. 2d 476, 481 (S.D. Tex. 2008).

This is not a case where the plaintiff seeks to hold the store employees responsible for the dangerous condition that caused her to fall. Carmona alleges that the individual defendants participated directly in their own tortious conduct. For example, Carmona alleges that Ramos, Alvarez, and Ortiz threatened and intimidated her, "refused to get a [wheelchair] or allow her to leave the store," and "restricted her by detaining her on the ground floor." ECF No. 1-2 at 7–8. Carmona seeks to hold the individual defendants responsible for their own conduct in which they were directly involved. She does not seek damages against the individual defendants for the condition that caused her to slip and fall. Carmona has at least plausibly alleged a cause of action against the individual defendants. They are not improperly joined.

### *3. Conclusion*

The court recommends that Carmona's Motion to Remand, ECF No. 7, be **GRANTED** and that this case be remanded to the County Court at Law No. 4 in Hidalgo County, Texas.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file

objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on May 1, 2024.

_____
Peter Bray
United States Magistrate Judge